# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| 625 LEASING, LLC<br>625 North State Route 4<br>Omar, Ohio 44807<br><br>     Plaintiff,<br><br> v.<br><br>REAL GOOD FOODS, INC.<br>3 Executive Campus<br>Cherry Hill Township, New Jersey 08002<br><br>     Defendant. | Case No. 1:25-cv-621<br><br>**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM**<br><br>JURY DEMAND ENDORSED HEREON |

Defendant, REAL GOOD FOODS, INC. ("RGF"), as and for its Answer to the Complaint of Plaintiff, 625 LEASING, LLC ("625 Leasing"), hereby states as follows:

## NATURE OF THE ACTION, PARTIES, JURISDICTION AND VENUE

1. Paragraph "1" of the Complaint consists of prefatory statements to which no response is required. If a response is nevertheless required, RGF denies the allegations contained in paragraph "1" of the Complaint.

2. RGF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

3. RGF denies the allegations contained in paragraph "3" of the Complaint, except admits that it is a corporation duly organized under the laws of the State of Delaware.

4. RGF denies the allegations contained in paragraph "4" of the Complaint, except admits that it operates a facility in Bolingbrook, Illinois.

5. The allegations contained in paragraph "5" of the Complaint constitute conclusions of law as to which no substantive response is required, and RGF respectfully refers all questions of law to the Court. If a response is nevertheless required, RGF denies the allegations contained in paragraph "5" of the Complaint.

6. The allegations contained in paragraph "6" of the Complaint constitute conclusions of law as to which no substantive response is required, and RGF respectfully refers all questions of law to the Court. If a response is nevertheless required, RGF denies the allegations contained in paragraph "6" of the Complaint and respectfully refers the Court to the referenced document for a complete and accurate description of its contents and effect. RGF expressly denies all characterizations of the referenced document, or references thereto that contradict its contents.

7. The allegations contained in paragraph "7" of the Complaint constitute conclusions of law as to which no substantive response is required, and RGF respectfully refers all questions of law to the Court. If a response is nevertheless required, RGF denies the allegations contained in paragraph "7" of the Complaint.

## FACTS COMMON TO ALL CLAIMS

8. RGF refers the Court to the referenced document for a complete and accurate description of its contents and effect. RGF expressly denies all characterizations of the referenced document, or references thereto that contradict its contents. If a response is nevertheless required, RGF denies the allegations contained in paragraph "8" of the Complaint except admits that on October 9, 2023, 625 Leasing and RGF entered into an Equipment Lease Agreement.

9. RGF refers the Court to the referenced document for a complete and accurate description of its contents and effect. RGF expressly denies all characterizations of the referenced document, or references thereto that contradict its contents. If a response is nevertheless required, RGF denies the allegations contained in paragraph "9" of the Complaint.

10. RGF admits that a copy of the Equipment Lease Agreement is annexed to the Complaint as Exhibit A.

11. RGF denies the allegations contained in paragraph "11" of the Complaint, and refers the Court to the referenced document for a complete and accurate description of its contents and effects. RGF expressly denies all characterizations of the referenced document, or references thereto that contradict its contents.

12. RGF denies the allegations contained in paragraph "12" of the Complaint.

13. RGF denies the allegations contained in paragraph "13" of the Complaint, except admits that 625 Leasing delivered certain equipment to RGF, and avers that 625 Leasing did not deliver and install all Equipment as required under the terms of the Equipment Lease Agreement.

14. RGF denies the allegations contained in paragraph "14" of the Complaint.

15. RGF denies the allegations contained in paragraph "15" of the Complaint.

16. RGF denies the allegations contained in paragraph "16" of the Complaint.

17. RGF denies the allegations contained in paragraph "17" of the Complaint.

18. RGF denies the allegations contained in paragraph "18" of the Complaint.

19. RGF denies the allegations contained in paragraph "19" of the Complaint, and refers the Court to the referenced document for a complete and accurate description of its contents and effects. RGF expressly denies all characterizations of the referenced document, or references thereto that contradict its contents.

20. RGF denies the allegations contained in paragraph "20" of the Complaint.

## AS AND FOR A RESPONSE TO COUNT I
### (Breach of Contract)

21. RGF repeats and realleges each and every allegation set forth in the preceding paragraphs of this Answer as though the same were set forth at length herein.

22. RGF denies the allegations contained in paragraph "22" of the Complaint.

23. RGF denies the allegations contained in paragraph "23" of the Complaint.

## AS AND FOR A RESPONSE TO COUNT II
### (Replevin)

24. RGF repeats and realleges each and every allegation set forth in the preceding paragraphs of this Answer as though the same were set forth at length herein.

25. RGF denies the allegations contained in paragraph "25" of the Complaint.

26. RGF denies the allegations contained in paragraph "26" of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

27. The Complaint fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

28. The Complaint is barred by documentary evidence.

### Third Affirmative Defense

29. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's material breach of the Equipment Lease Agreement.

## Fourth Affirmative Defense

30. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Fifth Affirmative Defense

31. Plaintiff's claims are barred, in whole or in part, due to the doctrines of laches, waiver and estoppel.

## Sixth Affirmative Defense

32. The Complaint is barred by the applicable Statute of Limitations.

## Reservation of Rights

33. RGF reserves the right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation or discovery.

**WHEREFORE**, defendant RGF respectfully requests that Plaintiff's Complaint be dismissed with prejudice and demands judgment in RGF's favor together with its costs and attorneys' fees and any such further relief as the Court deems just and proper.

## COUNTERCLAIM

## FACTS COMMON TO ALL CLAIMS

34. RGF is a Delaware corporation organized under the laws of the State of Delaware.

35. Upon information and belief, 625 Leasing is a limited liability company organized under the laws of the State of Ohio.

36. RGF is a health and wellness frozen and refrigerated food company that produces meals, snacks, and other food items.

37. RGF operates a production facility in Bolingbrook, Illinois (the "Illinois Facility").

38. On October 9, 2023, RGF entered into an Equipment Lease Agreement (the "Lease") with 625 Leasing pursuant to which 625 Leasing agreed to deliver and install certain equipment to RGF, including but not limited to, two (2) completed fryers with suppression systems, in-feed conveyors and/or heat exchangers, and related piping and installation (the "Equipment"), at the Illinois Facility.

39. The Equipment is critical for the production of RGF's frozen and refrigerated foods.

40. Pursuant to the terms of the Lease, the Lease was for a term of three years commencing on the date that the Equipment, as defined therein, was shipped to RGF (the "Commencement Date").

41. Pursuant to the terms of the Lease, payments were to be paid by RGF to 625 Leasing beginning on or before the Commencement Date and continuing on the first day of each successive month thereafter.

42. In or around December 2023, 625 Leasing delivered only one (1) refurbished non-operational fryer.

43. The one fryer delivered to RGF did not contain a suppression system or in-feed conveyor as required under the Lease.

44. As a result, RGF was required to install a fire suppression system at its own expense.

45. 625 Leasing failed to provide the second completed fryer and associated materials as required under the terms of the Lease.

## AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Contract)

46. RGF repeats and realleges each of the allegations of the Counterclaim as if more fully set forth herein.

47. The Lease is a valid contract between 625 Leasing and RGF.

48. Pursuant to the terms of the Lease, 625 Leasing was to deliver and install the Equipment.

49. RGF made payment to 625 Leasing in excess of $1,000,000.00 under the terms of the Lease.

50. 625 Leasing breached the Lease by failing to deliver and install the Equipment as required.

51. As a result of 625 Leasing's breach, RGF has incurred damages in an amount to be determined at trial.

**WHEREFORE**, RGF demands judgment against 625 Leasing as follows:

A. On the First Counterclaim in an amount to be determined at trial;

B. Together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 3, 2025

/s/ Clare C. Moran
Clare C. Moran (OH 0081134)
SEELEY SAVIDGE EBERT &
GOURASH, CO., LPA
26600 Detroit Road, Suite 300
Westlake, OH  44145
Telephone:  216-566-8200
Facsimile:  216-566-0213
cmoran@sseg-law.com


Russell Porter (*pro hac vice*)
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000
rporter@sillscummis.com

*Attorneys for Defendant Real Good Foods, Inc.*

# JURY DEMAND

TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.

/s/ Clare C. Moran
Clare C. Moran (OH 0081134)

# CERTIFICATE OF SERVICE

The foregoing has been filed electronically with the Clerk of Courts, on this 3rd day of June, 2025.  Notice of this filing will be sent to all counsel of record through the court's electronic filing system.  Parties can access this document through the court system.

/s/ Clare C. Moran
Clare C. Moran (OH 0081134))

*One of the Attorneys for Defendant Real Good Foods, Inc.*